## JUDGMENT OF DISBARMENT SUSPENDED.

### Circuit Court of Hamilton County.

### IN RE DISBARMENT OF CHARLES S. SPARKS.

#### Decided, March 14, 1910.

*Disbarment—Purpose of a Judgment of Suspension of the Judgment Proper, When—Reclamation of Offender.*

In a proceeding for disbarment, punishment is not the sole end to be attained, but also protection of the public and the reformation of the accused; and where it appears that the accused now acknowledges the wrong committed and since the suspension has conducted himself in a manner above criticism and has inspired in the minds of his fellow attorneys the belief that he has been sufficiently punished, the further execution of the judgment will be suspended and the accused restored to the practice of his profession.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

At a former term of this court, to-wit, February 26, 1909, Charles S. Sparks was found guilty of unprofessional conduct as an attorney at law and suspended from practice for the period of three years.

The case is again before the court upon the application of said attorney for a modification of said judgment in that he be restored to the practice of law.

In his application he acknowledges the wrong that he committed, and files with the court a petition signed by numerous citizens and attorneys at this bar, setting out that since the judgment of suspension was ordered said Sparks has conducted himself uprightly and that in their opinion he has been sufficiently punished for the offense of which he was adjudged guilty.

The evidence upon the hearing of the application disclosed that the committee heretofore appointed to prosecute the charges against him had been notified of the filing of the application and the time of its hearing.

This appears, therefore, to be a matter left to a great extent to the sound discretion of the court. In proceedings of this kind it is evident that punishment is not the sole end to be attained, but rather protection, the main object of the punishment inflicted being the reformation of the party punished.

Since the suspension of the applicant the court is of the opinion that he has conducted himself in such a way as indicates that he fully realizes the gravity of his offense, and we believe that if restored to practice he will be very careful not to repeat the same.

"Admission as an attorney is not attained without years of labor and study. The office which the party thus acquires is one of value and often becomes a source of great honor and emolument to its possessor. To most persons who enter the profession it is the means of support to themselves and their families. To deprive one of an office of this character would often be to decree poverty to himself and destruction to his family." *Bradley* v. *Fisher*, 13 Wallace, 355; Weeks on Attorneys, 158-174.

Under the evidence adduced at the hearing of the application, the end being the reclamation of the offender, we are of the opinion that the further execution of the judgment heretofore rendered should be suspended, and the applicant restored to the practice of his profession.